UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERON WILLIAMS,

        Petitioner,

v.                                   CASE NO. 11-10857
                                   HONORABLE BERNARD A. FRIEDMAN

H. WOLFENBARGER,

        Respondent.
_____/

## ORDER TRANSFERRING THE HABEAS PETITION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Sheron Williams has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne County convictions for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission on a felony, Mich. Comp. Laws § 750.227b. In 2004, Petitioner challenged the same convictions in a habeas corpus petition, which United States District Judge Avern Cohn denied on the merits. *See Williams v. McKee*, No. 04-73326 (E.D. Mich. Aug. 14, 2007). The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability, *see Williams v. McKee*, No. 07-2138 (6th Cir. Feb. 28, 2008), and the Supreme Court denied a petition for writ of certiorari on June 9, 2008. *See Williams v. McKee*, 553 U.S. 1096 (2008).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, __ U.S. __, __, 130 S. Ct. 2788, 2796 (2010) (stating that, "[i]f an application is 'second

or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not obtained permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive habeas petition challenging the same convictions.

Accordingly,

IT IS ORDERED that the Clerk of the Court is to transfer the habeas petition to the Court of Appeals for a determination of whether this Court may adjudicate the petition.

                S/Bernard A. Friedman____
                BERNARD A. FRIEDMAN
                UNITED STATES DISTRICT JUDGE

Dated: March 29, 2011
     Detroit, MI

---

[1] Section 1631 provides that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.